IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JEROME JUNIOR WARREN                                    PLAINTIFF

V.                                             NO: 1:25-CV-075-GHD-DAS

WINSTON COUNTY, MISSISSIPPI; et al.                   DEFENDANTS

### MEMORANDUM OPINION

Presently before the Court is the Motion to Dismiss [14] filed by two of the four Defendants

in this matter: Winston County and Deputy James Mask (collectively "moving Defendants"). The

Plaintiff has responded in opposition. Upon due consideration of the motion and the applicable

authority, the Court hereby grants the moving Defendants' Motion to Dismiss and dismisses the

Plaintiff's claims against them.

### Factual Background

The Plaintiff is a resident of Louisville, Mississippi [Compl., Doc. 1, at 2]. On January 14,

2024, at approximately 2:00 a.m., the Plaintiff learned that his son was involved in an altercation

at the Plaintiff's aunt's home in Louisville [Compl., Doc. 1, at 2]. The Plaintiff drove to his aunt's

home, where his son was in the process of being arrested by an officer of the Louisville Police

Department. *Id.* Upon the Plaintiff's arrival at the scene, the Plaintiff observed his son confined

in the back seat of a law enforcement vehicle. *Id.* at 3. According to the Defendant Winston

County Sheriff's Department's incident report, which was attached to the Complaint, the Plaintiff

exited his vehicle, visibly angry, and confronted Defendant Deputy Mask and City of Louisville

Police Officer Sims, the arresting officer [Doc. 1-1, at 2; Bodycam Videos of Incident, Doc. 1-2,

1-3].[1] Upon being asked why he was there and to identify himself, the Plaintiff responded that the

---

[1]     Two separate bodycam videos of the subject incident, from Deputy Mask's bodycam and from
Officer Sims' bodycam, were attached to the Complaint and are in the record [1-2, 1-3]. As the Fifth Circuit

police had his son.[2] [Doc. 1, at 3]. The Plaintiff alleges the Officers then told the Plaintiff to "shut his mouth," to which he responded they could not prohibit him from speaking. *Id.* The Incident Report and the Bodycam videos demonstrate the Officers, including Defendant Mask, repeatedly told the Plaintiff to calm down, which he refused to do. [1-1, at 2; 1-2]. The Officers then warned the Plaintiff he would be taken to jail if he refused to comply. *Id.* The Plaintiff then placed his hands behind his back and stated the Officers lacked the authority to silence him and challenged them to arrest him if they intended to do so. *Id.* After at least one further attempt to calm down the Plaintiff, Defendant Mask placed his hand on the Plaintiff's shoulder and began to pat him down for weapons, prompting the Plaintiff to turn around and state that he had been assaulted. [Doc. 1, at p. 3]. Upon being directed to provide the Officers with identification, the Plaintiff declined to provide it, whereupon he was arrested for disorderly conduct (failure to comply). [Doc. 1 at p. 4]. The Plaintiff and his vehicle were then searched, a loaded revolver was found on the passenger seat of the car, and the Plaintiff was transported to the Winston-Choctaw Regional Correctional Facility. [1-1, at 2]. His vehicle, which had been parked in the street, was subsequently towed. [*Id.*; Doc. 1 at pp. 3, 5]. The Plaintiff was booked into custody at 3:08 a.m. and released at 3:43 a.m. The charges against him were ultimately dismissed. [Doc. 1, at 5].

This litigation followed. The Plaintiff alleges he was arrested without probable cause and in violation of his First Amendment rights. He also asserts a claim for malicious prosecution, asserts his vehicle was improperly searched and towed, and the Defendant Winston County was

---

has held, "while viewing the evidence favorably to the nonmovant, 'we assign greater weight . . . to the . . . video recording ... taken at the scene.'" *Betts v. Brennan*, 22 F.4th 577, 582 (5th Cir. 2022); *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

[2] The Plaintiff's son was arrested for possession of narcotics and firearms and for resisting arrest. [1-1, at 2].

2

deliberately indifferent in failing to adequately train its officers.[3] Two of the four Defendants, Winston County and Deputy Mask, have now filed the presently pending motion to dismiss the Plaintiff's claims against them. The Plaintiff opposes the motion.

### Rule 12(b)(6) Standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

In other words, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state

---

[3] The Plaintiff initially also asserted state law causes of action against these two Defendants, but has voluntarily conceded those claims, and the Court therefore hereby dismisses them. [Doc. 20, at p. 1].

a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### Discussion

Defendant Deputy Mask asserts he is entitled to qualified immunity as to the Plaintiff's claims for false arrest and malicious prosecution. "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Waddell v. Voyles*, 2021 WL 1208497, at *4 (N.D. Miss. Mar. 30, 2021) (quoting *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009)). "The defense of qualified immunity may be successfully invoked by a police officer 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *Cantu v. Rocha*, 77 F.3d 795, 805-06 (5th Cir. 1996)). "Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to show that the defense is not available." *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010).

To determine whether a public official is entitled to qualified immunity, courts decide (1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Doe as Next Friend Doe v. Jewell*, 151 F.4th 236, 244 (5th Cir. 2025); *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019); *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013) (quoting *Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011)). Crucially, a plaintiff's inability to establish an underlying constitutional violation forecloses any chance of recovery

4

against an individual defendant who asserts qualified immunity. *Whitley v. Hanna*, 726 F.3d 631, 647 (5th Cir. 2013). Additionally, even if a plaintiff can establish a constitutional violation, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)). The Plaintiff carries the burden of demonstrating that qualified immunity is inappropriate. *Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021).

The Court will address each alleged constitutional violation claim in turn.

### False Arrest

The Plaintiff's first claim is for false arrest, *i.e.*, that he was arrested without probable cause. For the Plaintiff to prevail on his false arrest claim, he "must sufficiently allege (1) that he was arrested, and (2) the arrest did not have the requisite probable cause." *Rhodes v. Prince*, 360 F. App'x 555, 558 (5th Cir. 2010) (citing *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655–56 (5th Cir. 2004)). Accordingly, to establish a constitutional violation of his Fourth Amendment right to be free from false arrest and unreasonable seizure, the Plaintiff must show there was no probable cause to arrest him. *Haggerty*, 391 F.3d at 655–56. If the Plaintiff's arrest was supported by probable cause, his claim fails under the Fourth Amendment.

The Supreme Court has made clear that establishing probable cause to arrest is a "low bar," and it exists when the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979); *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996). "If an officer has probable cause to believe that an individual has committed even a very minor

5

criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Lockett v. New Orleans City*, 607 F.3d 992, 998 (5th Cir. 2010) (quoting *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001)). Notably, probable cause exists for an arrest when there was probable cause to arrest for *any* offense, not just for the offense for which a person was actually arrested. *Davidson v. City of Stafford*, 848 F.3d 384, 395 (5th Cir. 2017) (holding "[t]he probable cause can be for any crime, not just the one the officer subjectively considered at the time.").

Nonetheless, "[e]ven law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Mendenhall v. Riser*, 213 F.3d 226, 230, (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (other quotation marks and citations omitted). Thus, a plaintiff must allege facts permitting an inference the arresting officer lacked arguable (that is, reasonable but mistaken) probable cause for the arrest. *Babb v. Dorman*, 33 F.3d 472, 478 (5th Cir. 1994); *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005).

Here, the Plaintiff was arrested and charged with disorderly conduct for failure to comply with a police request to provide identification and to calm down. [1-1]. The Court finds that probable cause existed for an arrest for that offense.

Mississippi's pertinent disorderly conduct statute states:

> Whoever, with intent to provoke a breach of the peace, or under such circumstances as may lead to a breach of the peace, or which may cause or occasion a breach of the peace, *fails or refuses to promptly comply with or obey a request, command, or order of a law enforcement officer*, having the authority to then and there arrest any person for a violation of the law, to: (i) [a]ct or do or refrain from acting or doing as ordered, requested or commanded by said officer to avoid any breach of the peace at or near the place of issuance of such order, request or command, shall be guilty of disorderly conduct, which is made a misdemeanor.

Miss. Code Ann. § 97-35-7 (emph. added).

6

The Mississippi Supreme Court has held that a refusal "to promptly comply with or obey a request, command, or order of" a law enforcement officer "constitute[s] a circumstance which may cause or occasion a breach of the peace," and thus provides probable cause for a disorderly conduct arrest and charge. *S.M.K.S. v. Youth Court of Union County*, 155 So. 3d 747, 750 (Miss. 2015). Here, the Plaintiff's conduct clearly provided the arresting Officers with probable cause to arrest the Plaintiff for disorderly conduct. The Plaintiff admits he refused to comply with the arresting Officers' request for him to provide his identification and to calm down. [1, at p. 4]. This conduct alone provided the officers with probable cause to arrest the Plaintiff for disorderly conduct. See *Price v. City of Natchez*, No. 5:23-cv-51-DCB-ASH, 2025 WL 1148454, at *5-*6 (S.D. Miss. Mar. 14, 2025) (finding probable cause to support failure to comply charge and holding "a later decision by a court to dismiss the charge does not negate the presence of probable cause at the moment of arrest").

The Court therefore finds that probable cause existed for Deputy Mask to arrest the Plaintiff for disorderly conduct (failure to comply). Accordingly, the Plaintiff has not established a violation of a constitutional right, and his false arrest claim fails.

*Malicious Prosecution*

The Plaintiff also asserts a claim for malicious prosecution. To establish this claim, the Plaintiff must establish the following elements:

1) the commencement of an original criminal proceeding;

2) the proceeding's commencement by the present Defendant;

3) the proceeding's bona fide termination in favor of the present Plaintiff;

4) the absence of probable cause for the proceeding;

5) malice; and

6)      damages.

*Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023). In addition, a threshold initial element of a malicious prosecution claim is the Plaintiff must have been unlawfully seized as a result of the malicious prosecution. *Id.* at 278 (citing *Thompson v. Clark*, 596 U.S. 36, 42 (2022)).

More specifically, the Fifth Circuit has held that "[i]mportantly, because an unlawful seizure is the threshold element, if the prosecution is supported by probable cause on at least one charge, then a malicious prosecution claim cannot move forward." *Armstrong*, 60 F.4th 262, at 279, n.15. Here, because the court has already held that probable cause was present to support the Plaintiff's arrest, his claim for malicious prosecution fails. See, e.g., *Talley v. Jackson State Univ.*, No. 3:24-CV-296-TSL-ASH, 2024 WL 3717059, at \*5 (S.D. Miss. Aug. 1, 2024) (dismissing malicious prosecution claim because probable cause existed to support charge for which plaintiff was arrested).

In sum, the existence of probable cause for the Plaintiff's arrest on the disorderly conduct charge requires the Court to hold that both his false arrest and malicious prosecution claims fail.[4]

### *Vehicle Search and Tow*

The Plaintiff next alleges that Defendant Deputy Mask illegally searched the Plaintiff's vehicle after the arrest. The Plaintiff, however, fails to identify any injury he suffered as a result of the search apart from the arrest, and he does not request any damages not tied to the arrest itself. This failure is fatal to his claim. *Petersen v. Johnson*, 57 F.4th 225, 234 (5th Cir. 2023); *Murray v. Earle*, 405 F.3d 278, 290 (5th Cir. 2005) ("Section 1983 does require a showing of proximate

---

[4]      For the same reasons, the Plaintiff's claim for retaliatory arrest in violation of the First Amendment fails – retaliatory arrest claims require the absence of probable cause. *Nieves v. Bartlett*, 587 U.S. 391, 401-02 (2019). Because the Court has already held that probable cause for arrest exists in this case and the Plaintiff does not argue that otherwise similarly situated individuals not engaged in the same sort of protected speech were not arrested, this claim likewise must be dismissed. *Nieves*, 587 U.S. at 407.

causation[.]"); *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986) ("[T]he abstract value of a constitutional right may not form the basis for § 1983 damages."). Accordingly, this claim is dismissed.

The Plaintiff further alleges that his car was unlawfully towed from the incident location and that he incurred expenses in retrieving it. The Plaintiff alleges this towing was a due process violation. Due process requires the opportunity to be heard at a meaningful time and in a meaningful manner. *Breath v. Cronvich*, 729 F.2d 1006, 1010 (5th Cir. 1984). It is clear, however, that a due process hearing is not required to be held before the deprivation of the subject interest. *Fuentes v. Shevin*, 407 U.S. 67, 90, 92 (1972). Here, the Court finds the towing of the Plaintiff's vehicle from the roadway where he parked it did not violate any due process requirement. Concerns for public safety and the need for immediate action, given the location of the vehicle in the roadway, justified the towing of the vehicle prior to a pre-deprivation hearing, and the Plaintiff had the opportunity to seek post-deprivation remedies. The Court finds this procedure satisfies the necessary due process requirements. This claim shall therefore likewise be dismissed.

### Municipal Liability

The Plaintiff asserts claims against Winston County, arguing the County failed to adequately train its officers regarding proper arrest and search procedures.

The Supreme Court has held that a municipality may only be held liable under Section 1983 for violating a citizen's constitutional rights if "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). Governmental entities are "not vicariously liable under § 1983 for [their] employees' actions." *Connick*, 563 U.S. at 60. Thus, there is no *respondeat superior* liability under § 1983;

9

rather, the key to municipal liability is demonstrating that a deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the municipality in question. *Monell*, 436 U.S. at 694. The alleged unconstitutional conduct asserted "must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

To establish constitutional liability under *Monell*, a plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247-249 (5th Cir. 2003). A "policy or custom" can be either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *McGregory v. City of Jackson*, 335 Fed. App'x 446, 448-449 (5th Cir. 2009). "Boilerplate allegations of municipal policy, entirely lacking in any factual support that a municipal policy does exist, are insufficient.'" *Vess v. City of Dallas*, No. 3:21-CV-1764, 2022 WL 625080, at *5 (N.D. Tex. Mar. 3, 2022).

Here, the Court finds the Plaintiff has failed to adequately allege either a policy or a pattern that sufficiently supports his claims that an unlawful custom or practice exists in Winston County with respect to the Plaintiff's alleged injuries. First, he has not identified any policy or custom with which a policymaker can be charged with actual or constructive knowledge, nor that any such policy or custom was the "moving force" behind his alleged injuries. Here, the Plaintiff does

10

nothing more than describe the events that gave rise to his alleged injuries. This is insufficient to establish the first element of his municipal liability claim. See *Johnson v. Harris County*, 83 F.4th 941, 946-47 (5th Cir. 2023); *Peterson v. City of Fort Worth, Texas*, 588 F.3d 838, 851 (5th Cir. 2009) (holding that "[a] pattern requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question."). Further, the Plaintiff simply has not pointed to any unconstitutional "policy statement, ordinance, regulation or decision that is officially adopted" by the County such that the potential imposition of municipal liability is appropriate. *Brown v. Bryan Cty.*, 219 F.3d 450, 457 (5th Cir. 2000). The Plaintiff's claims against Winston County, therefore, shall be dismissed.

## Conclusion

For the reasons stated above, the Court finds that Defendants Winston County and Deputy Mask's Motion to Dismiss [14] should be granted, and the Plaintiff's claims against these two Defendants are dismissed. The Plaintiff's claims against the remaining Defendants, City of Louisville, Mississippi, and Officer Devodrick Sims, are not impacted by this ruling. The Plaintiff's claims against those Defendants, therefore, shall proceed.

An order in accordance with this opinion shall issue this day.

This, the 25th day of March, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

11